```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

**OMAR MOODY, #M0032**                                            **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 4:06CV135-TSL-LRA**

**OFFICER C. THOMAS**
**AND SERGEANT SMITH**                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Omar Moody, *pro se,* [hereinafter "Plaintiff"] and Attorney Lee Thaggard, counsel for Officer C. Thomas and Sergeant Smith [hereinafter "Defendants"], appeared before the undersigned United States Magistrate Judge on the 29th day of May, 2007, at the James Eastland Federal Building and Courthouse in Jackson, Mississippi, for an omnibus hearing. The Court scheduled this hearing for various pretrial purposes, including a Spears hearing. The hearing was conducted in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not Plaintiff's claims were supported by a factual or legal basis. Pursuant to a Consent signed by all parties on May 29, 2007, District Judge Tom S. Lee entered an Order [#13] filed June 7, 2007, assigning this cause to the undersigned United States Magistrate Judge for all further proceedings.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the

court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to his case.

According to his Complaint, as augmented by Plaintiff's sworn testimony at the omnibus hearing, Moody was a state inmate incarcerated in the East Mississippi Correctional Facility in Meridian, Mississippi, in December, 2005.  His claims relate to a Rules Violation Report ["RVR"] that he received while incarcerated there.  Defendant Smith wrote the RVR, and Defendant Thomas was the hearing officer who heard the complaints and upheld the RVR.

Plaintiff testified that prior to the RVR, he had been fearful for his safety due to a "gang banging" that was supposed to happen to another inmate, Roderick Brandon, and to him.  Instead, he was moved off the zone before anything happened.  From September 19th through 21st, 2005, Plaintiff had tried to get placed in protective custody because he feared for his safety.  On September 21st, he wanted to see if Captain Mattie Collins would discuss the situation with him and get him placed in protective custody.  He was walked to housing by another officer and told to wait at the "crash gate" to see if Captain Collins would talk to him.

Defendant Smith came "out of nowhere" and threatened to write him up for being in an unauthorized area.  Plaintiff claims that

this was because Moody had "gone over Smith's head" to talk to Collins. Defendant Thomas conducted the disciplinary hearing. Moody was allowed to testify at the hearing and state the reasons for his actions. However, Defendant Thomas refused to help him and told him to do an ARP regarding his security issues.

The RVR was upheld and Moody asserts that he missed his GED testing and may have lost some earned time as a result of the punishment accorded for the RVR. He charges that Defendant Thomas would not follow MDOC policy and conduct a thorough investigation. According to Plaintiff, Defendants were not doing their job; they should have locked him down for his own protection. However, Plaintiff was not actually harmed as a result of not being on lockdown during this period.

The Court finds that the facts asserted by the Plaintiff do not state a claim upon which relief may be granted and, therefore, the Complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii). The Court has accepted Plaintiff's testimony and allegations as true. Although these circumstances may not seem fair to the Plaintiff, they simply do not violate the United States Constitution. Plaintiff's major concern was the fact that Defendants did not follow proper MDOC procedures, and refused to investigate, and that this violated MDOC policy. However, an MDOC policy violation by these defendants does not necessarily mean that the Constitution has been violated. Plaintiff was given a

hearing on the charges, notice of the charges and of the hearing, an investigation by a person not involved in the incident (even if he was not pleased with her investigation), and the right to testify on his own behalf.  This satisfies his Due Process rights afforded under the U. S. Constitution.  This Court cannot grant the Plaintiff a new hearing on the charges for which he was found guilty; it is not this Court's role to determine his guilt or innocence.  Furthermore, it is not this Court's role to develop or enforce a disciplinary hearing plan for MDOC.

The Plaintiff should be aware that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Broussard v.* Johnson, 253 F.3d 874, 876 (5th Cir. 2001) *citing Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Prisoners do not have a due process right to confrontation or cross-examination during prison disciplinary proceedings.  *Id.*   In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court held that states sometimes create liberty interests which are protected by the Due Process Clause.  However, these interests are generally limited to state created regulations or statutes which affect the ***quantity of time*** rather than the ***quality of time*** served by a prisoner.  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).  In coming to this conclusion, the Court first laid down the principle that the Due Process Clause does not protect every change in the conditions of confinement

which has a substantial adverse effect upon a prisoner.  *Id.*, *citing Sandin*, 515 U.S. at 478 (*citing Meachum v. Fano,* 427 U.S. 215 (1976).

In Moody's case, his initial Complaint does not state the terms of his punishment, although his Response filed January 17, 2007, document 8, recited that he had thirty days of visitation and his phone privileges taken away.  However, at the hearing he stated that his punishment was a reduction in his earned time as well as the fact that he missed his GED testing.  The GED testing, the phone privileges, and the visitation privileges affect the *quality* of his time, not the *quantity.*  Neither punishment which represents the type of atypical, significant deprivation described in *Sandin.*  Even so, MDOC did afford Moody with notice of the charges against him, notice of the hearing, an investigator and hearing officer, and, an opportunity to testify on his own behalf.  These provisions certainly satisfy any Due Process rights which might be afforded him under the Constitution.

The Plaintiff's primary concern is that MDOC did not follow its own regulations regarding RVRs and protective custody.  However, a state's failure to follow its own procedural regulations does not constitute a violation of due process, however, if "constitutional minima [have] nevertheless ... been met."  *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989) (quoting *Brown v. Texas A & M University*, 804 F.2d 327, 335 (5th Cir. 1986).  Due process

5

requirements were met in this case, as set forth in Plaintiff's own testimony at the omnibus hearing.

Considering every assertion by Plaintiff as true, the Court still finds that he has failed to state a **constitutional** claim or a claim upon which relief can be granted.  It is well-settled that the courts, unless presented with patently unreasonable conduct, are reluctant to interfere with the day-to-day operations of a prison.  *Bell v. Wolfish*, 441 U.S. 520 (1979).  A prison's internal security is peculiarly a matter normally left to the discretion of prison administrators.  *Rhodes v. Chapman*, 452 U.S. 337, 349, n.14 (1981).

The Court is of the opinion that Moody cannot maintain his action under the controlling law governing actions brought under 42 U.S.C. § 1983.  Under the case of *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), as modified by *Neitzke v. Williams*, 490 U.S. 319 (1989) and *Denton v. Hernandez*, 504 U.S. 25 (1992), the claims of the Plaintiff must have an arguable basis in law or fact; otherwise, dismissal under 28 U.S.C. § 1915 is appropriate.  Considering the law on these issues, as well as Moody's allegations, the Court holds that his claims have no basis either in law or in fact and, therefore, are frivolous[1] and fail to state a claim on which relief

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense.  *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir.

may be granted.  For these reasons, this action will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and(ii).  A separate Judgment shall be entered on this date dismissing this cause for the reasons set forth in this Memorandum Opinion and Order.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and that a separate Final Judgment in favor of Defendant Thomas and Defendant Smith shall be entered on this date.

THIS the 8th day of June, 2007.

S/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE

---

1995).